Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1729 | **DATE** | 3/15/2002 |
| **CASE TITLE** | Lehr vs. Lemont Fire Proection, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant Toscas' motion to dismiss (25-1) is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | 3/19/02 date docketed | 34 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | AWR docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 3/15/2002 date mailed notice | |
| GL | courtroom deputy's initials | 02 MAR 18 AM 9:38 Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY LEHR, )
)
Plaintiff, )
)
v. ) Case No. 01 C 1729
)
)
LEMONT FIRE PROTECTION DISTRICT, )
et al., )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Jeffrey Lehr was dismissed from his job with the Lemont Fire Protection District ("LFPD"). Lehr sued the LFPD, the LFPD Board of Trustees ("Board"), and several individual defendants, including LFPD attorney John Toscas, alleging that his termination was unlawful. Presently before us is Toscas' motion to dismiss the complaint for failure to state a claim. For the following reasons, the motion is granted in part and denied in part.

FACTUAL BACKGROUND

The following factual allegations are taken from the complaint and are deemed true for the purpose of this motion to dismiss. *See MCM Partners, Inc. v. Andrew-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Lehr worked for the LFPD for over five years until he was terminated in October 1999. Lehr alleges that the defendants subjected him to substantial intimidation and duress in an effort to silence his criticism of the LFPD administration. He describes a series of events which began after the November 1997 election of Michael Tracy as a trustee of the LFPD and the February 1998 appointment of Toscas as LFPD attorney (both of whom Lehr openly opposed) and ended with his termination in October 1999.

Lehr's first allegation of wrongdoing stems from an interview conducted shortly after the November 1997 election. Bert Ercoli, a trustee of the LFPD, appointed Tracy to conduct a survey of LFPD employees. Tracy subsequently interviewed five employees, including Lehr. At Lehr's interview,

Tracy made statements that led Lehr to believe that he must refrain from criticizing the Board and Toscas about the administration of the LFPD. Lehr told Tracy that he believed that the administration of the LFPD was jeopardizing the safety of the community, but he considered Tracy's response to his concerns to be negative. After the interview, he received a memorandum from Ercoli and Tracy removing him as Director of Fire Prevention and demoting him to Fire Inspector. Before this incident, Lehr's personnel file reflected no previous disciplinary action. Moreover, the other four employees who were interviewed were terminated or resigned under intense political pressure.

At a July 1998 Board meeting, Lehr read a statement expressing his belief that the defendants were liable for political interference and inappropriate employment decisions which jeopardized the safety of the community. Following these statements, Tracy made a formal request to examine Lehr's financial interests for purposes of "research." Lehr alleges that this examination was begun to intimidate him so that he would not criticize the LFPD administration. Ercoli contacted Assistant Fire Chief Richard Stech and told him to order Lehr to maintain a log book of his daily activities, indicating that he wanted to know where Lehr went and with whom he spoke. Lehr considered this an effort to intimidate him from speaking to residents about the health and safety of citizens within the fire district.

At the August 1998 Board meeting, Lehr read a second statement. During this meeting, Tracy sought disciplinary action – including termination – against Lehr. Lehr alleges that Tracy's action was in response to his public criticism of the LFPD administration. He further alleges that both Ercoli and Toscas agreed with Tracy's desire to terminate him. Moreover, following the meeting, Tracy required Lehr to list all future on-site fire prevention inspections, an unprecedented requirement which Lehr considered further retaliation for his public criticism. Lehr claims Tracy and Ercoli continued to monitor closely his activities by requiring him to maintain a daily inspection diary.

In June 1999, Fire Prevention Supervisor Randy Wilkey ordered Lehr to tender his inspection diary. Lehr refused, claiming that the records were personal and were used to document the political and personal harassment imposed upon him. At this point, Lehr submitted a complaint to Fire Chief Clyde Peterson citing harassment by Wilkey. Wilkey issued Lehr two different reprimands for failure to

submit the diary. Lehr alleges that both reprimands were in retaliation for his public criticism of the LFPD.

In September 1999, Lehr wrote to Petersen explaining that his daily work assignments were decreasing despite growth within the fire district. Petersen responded that Lehr's primary concern should be fire inspections and that Petersen would instruct Wilkey to increase Lehr's workload. Following this correspondence, in a meeting between Lehr and Petersen, Petersen threatened to terminate Lehr for questioning his directives. During the meeting, Lehr asserted that the current administration was ignoring the inspection requirements of the district and that such a policy could endanger the safety of citizens within the district. Shortly thereafter, Lehr drafted a memo to Petersen which documented the on-going intimidation and harassment he was experiencing. Lehr claims that Petersen's assertions that he was not doing his job were intended to validate any adverse employment actions taken and to conceal the defendants' true motivation to silence and retaliate against Lehr for his criticism of the LFPD.

In October 1999, Lehr participated in various public forums and group efforts designed to expose the decision-making and internal practices of the current LFPD administration. Around the same time, Lehr published an open letter to the residents of the LFPD which claimed that the politicization of the fire district had led to unprofessional practices which raised serious safety concerns for the community. On October 20, 1999, Petersen terminated Lehr. When Lehr sent Petersen a letter asking the reason for his termination, he did not receive a response. Instead, he received a letter from an attorney representing Tracy, Ercoli, Toscas, and Petersen, warning of possible legal action against him if he continued to speak out against them.

Lehr has filed a three-count complaint in federal court against the LFPD and the Board as well as Tracy, Ercoli, Petersen, Wilkey, and Toscas in both their official and individual capacities. Count One, brought pursuant to 42 U.S.C. § 1983, alleges that the defendants violated Lehr's right to freedom of speech under the First Amendment. Count Two, brought pursuant to 42 U.S.C. § 1983, alleges that the defendants violated Lehr's right to freedom of association under the First Amendment. Count Three, brought pursuant to 42 U.S.C. § 1983, alleges that the defendants conspired to violate Lehr's rights

under the First Amendment. Toscas has moved to dismiss the complaint, arguing that it fails to state a claim against him because it does not allege personal involvement by him in any wrongful acts.

## DISCUSSION

### A. Standard of Review

For the purposes of a motion to dismiss, we must accept all well-pled allegations as true and construe the complaint in a light most favorable to the plaintiff. M*CM Partners*, 62 F.3d at 972. Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than address the merits of the case. B*ontowski v. First Nat'l Bank of Cicero*, 98 F.2d 459, 461 (7th Cir. 1993). Dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." L*edford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### B. Claims Against Toscas in his Official Capacity

Lehr brings his claims against Toscas in both his official and individual capacity. In order to pursue a claim against a municipal officer in his official capacity, that officer must "speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998) (quoting Jett *v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Whether a municipal officer has final policymaking authority is a question of state law. I*d.* (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988)). Under 70 ILCS 705/6, a fire protection district's board of trustees is vested with the power to control all district affairs. This implies that only members of a district's board of trustees have final policymaking authority. C*f. id.* at 1061 (noting that Illinois School Code gives a school district's board of education "full power to manage the schools and to adopt all rules and regulations needed for that broad purpose" and finding that "[n]othing in the School Code allows us to infer that a superintendent or principal has been delegated policymaking authority with respect to personnel decisions"). Since Toscas was not a member of the board of trustees, he lacked final policymaking authority and cannot

4

be held liable in his official capacity. We therefore dismiss all claims against Toscas in his official capacity.

### C. Claims Against Toscas in his Individual Capacity

Lehr claims that Toscas violated his First Amendment rights to freedom of speech and freedom of association and conspired with the Board and LFPD employees to violate each of these rights. Toscas maintains that the complaint fails to state a claim because it does not allege any facts establishing that he personally engaged in improper conduct.

To recover under § 1983, Lehr must prove that he suffered a constitutional injury and that his constitutional injury was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Toscas has not disputed that Lehr suffered constitutional injuries or that as the district attorney he acted under color of law. Rather, he claims that Lehr's allegations are conclusory and in no way allege specific wrongful conduct by him. This argument, however, misunderstands both the standards governing a motion to dismiss and federal notice-pleading requirements.

A motion to dismiss tests the legal sufficiency of the complaint. Thus, "the essence of a defendant's 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim." *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 627 (7th Cir.1999). Moreover, under the notice pleading regime established by the Federal Rules of Civil Procedure, a complaint must simply place the defendant on notice of the claim against him. *See* Fed.R.Civ.P. 8(a). "A complaint is not required to allege all, or *any* of the facts logically entailed by the claim . . . . [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." Bennett *v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (emphasis added)). Indeed, a plaintiff may plead conclusions so long as those conclusions "provide the defendant with at least minimal notice of the claim." Jackson v. Marion County, 66 F.3d 151, 154 (7th Cir. 1995).

Lehr's complaint, although short on factual details regarding Toscas' involvement in the alleged wrongdoing, satisfies these standards. Lehr claims that Toscas and his LFPD colleagues were unhappy

5

with his repeated criticism of the LFPD and his support for the Republican Party. Lehr alleges that Toscas retaliated against him in violation of his First Amendment rights to freedom of speech and freedom of association and conspired with his LFPD colleagues to violate these rights. These allegations provide Toscas at least minimal notice of Lehr's claims.[1] We therefore deny the motion to dismiss the claims against Toscas in his individual capacity.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the claims against Toscas in his official capacity is granted. The motion to dismiss the claims against Toscas in his individual capacity is denied. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 3/15/02

---

[1] If Lehr fails to provide evidence to support these allegations, Toscas may reassert his argument in a motion for summary judgment. At this stage of the proceedings, however, Lehr's allegations are sufficient to state a claim against Toscas.